Signed and Filed: April 22, 2011



_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 11-30646 TEC |
| WILLIAM D. PHILLIPS, | ) Chapter 11 |
| Debtor. | ) |

**MEMORANDUM TO CORRECT HARMLESS FACTUAL ERROR IN THE COURT'S APRIL 6, 2011 ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION**

This memorandum corrects a factual error in the court's April 6, 2011 Order Denying Debtor's Motion for Reconsideration. Because the court's error was harmless, the court determines that entry of an amended order denying Debtor's motion for reconsideration is unnecessary.

**FACTS**

Debtor William D. Phillips, an individual, filed a previous bankruptcy case, Case No. 11-30273, that was dismissed on February 18, 2011. Three days later, on February 21, 2011, Debtor filed the above-captioned bankruptcy case.

Because Debtor had a prior case dismissed within the previous year, the automatic stay would have expired 30 days after the

MEMORANDUM TO CORRECT FACTUAL ERROR
IN THE COURT'S ORDER DENYING DEBTOR'S
MOTION FOR RECONSIDERATION

-1-

petition date, had Debtor not moved to extend the stay.  On
February 25, 2011, Debtor filed, served on all creditors, and set
for hearing on March 14, 2011 a motion to extend the automatic
stay.

On February 25, 2011, Pensco FBO Hong Zheng Acct #ZH001
(Pensco), holder of a second deed of trust on the real property
commonly known as 1704-1706 Church Street, San Francisco, CA (the
Property), filed a motion to terminate the automatic stay with
respect to the interests of Debtor and the estate in the Property.
The motion for relief from stay was set for hearing on March 14,
2011.

On March 11, 2011, Debtor filed opposition to Pensco's motion
for relief from stay, asserting that the Property was necessary for
Debtor to reorganize and that Debtor would make adequate protection
payments re the Property.

On March 11, 2011, Wells Fargo Bank, N.A., Indenture Trustee
for the Grand Pacific Business Loan Trust 2005-1 Notes (Wells
Fargo), holder of a first deed of trust on the Property, filed and
properly served a motion to terminate the automatic stay with
respect to the interests of Debtor and the estate in the Property,
and for a waiver of the 14-day stay provided by Bankruptcy Rule
4001(a)(3).  A hearing on Wells Fargo's motion for relief from stay
was set for March 28, 2011 at 1:00 p.m.

On the record at the March 14, 2011 hearing on Debtor's motion
to extend the automatic stay and Pensco's motion for relief from
stay, the court granted Debtor's motion to extend the stay as to
all creditors, and ordered Debtor to make adequate protection
payments to Pensco and Wells Fargo.

**MEMORANDUM TO CORRECT FACTUAL ERROR**
**IN THE COURT'S ORDER DENYING DEBTOR'S**
**MOTION FOR RECONSIDERATION**

On March 28, 2011, the court held a hearing on Wells Fargo's motion for relief from stay. Neither Debtor nor his counsel filed opposition to Wells Fargo's motion or appeared at the hearing thereon. The court granted Wells Fargo's motion for relief from stay as unopposed.

On March 28, 2011, the court signed a stipulated form of adequate protection order lodged re Pensco's motion for relief from stay (the Pensco Order). The Pensco Order required Debtor, beginning April 1, 2011, to make postpetition payments to Pensco and to Wells Fargo. The Pensco Order further provided as follows:

> IT IS FURTHER ORDERED the Secured Creditor shall have relief from the automatic stay to the same extent that any senior lienholder obtains relief from the automatic stay upon the entry of the Order by the senior lienholder granting it relief from stay.
>
> IT IS FURTHER ORDERED that if the automatic stay is terminated, it is terminated for all of the Secured Creditor's foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

Docket No. 48, p. 3: 9-14.

On March 30, 2011, the court signed an order granting Wells Fargo's unopposed motion for relief from the automatic stay (the Wells Fargo Order) and overriding the Fed. R. Bankr. Proc. 4001(a)(3) stay.

On March 31, 2011, Debtor filed an ex parte motion for reconsideration of the Wells Fargo Order, contending that counsel for Debtor inadvertently failed to appear at the hearing, that the failure of counsel to appear was not Debtor's fault, and that Debtor planned to restructure the third deed of trust against the Property, and to surrender two real properties with negative net

**MEMORANDUM TO CORRECT FACTUAL ERROR
IN THE COURT'S ORDER DENYING DEBTOR'S
MOTION FOR RECONSIDERATION**

operating income.  Debtor did not set the motion for reconsideration for hearing.

On April 4, 2011, Wells Fargo filed opposition to the ex parte motion for reconsideration, contending that the motion was procedurally defective because it was not set for hearing and that it failed to set forth any basis for reconsideration other than counsel's inadvertent failure to appear at the hearing on Wells Fargo's motion for relief from stay, which did not constitute a sufficient basis to reconsider the Wells Fargo Order.

On April 6, 2011, at 11:54 a.m. Debtor filed a second ex parte motion for reconsideration of the Wells Fargo Order, arguing again that the failure of counsel to appear at the hearing on Wells Fargo's motion for relief was stay was due to inadvertence.

On April 6, 2011 at approximately 2:00 p.m., a nonjudicial foreclosure sale of the Property was held and Pensco foreclosed on the Property.

On April 6, 2011 at 3:35 p.m., Debtor filed a notice of hearing on the April 6, 2011 motion for reconsideration, setting the motion for hearing on April 7, 2011 at 10:30 a.m.  Debtor asserted in the accompanying motion for order shortening time that, on information and belief, Wells Fargo intended to conduct a foreclosure sale on April 7, 2011.  The court first learned of the motion for reconsideration and Debtor's request for order shortening time at approximately 3:40 pm. on April 6, 2011.

On April 6, 2011, at approximately 4:00 p.m., this court signed an Order Denying Debtor's Motion for Reconsideration of the Wells Fargo.  The Order erroneously denied the Motion on the basis that Debtor had not sought an extension of the automatic stay

**MEMORANDUM TO CORRECT FACTUAL ERROR**
**IN THE COURT'S ORDER DENYING DEBTOR'S**
**MOTION FOR RECONSIDERATION**

following dismissal of his prior case, and that the automatic stay had therefore terminated by operation of law.

**DISCUSSION**

The court first learned of Debtor's motion to reconsider the Wells Fargo Order after Pensco had already foreclosed upon the Property. The court addressed the motion promptly, but denied the motion on the erroneous basis that the automatic stay had terminated by operation of law. The court should have denied the motion on the basis that the foreclosure sale had already occurred and that, therefore, the hearing Debtor sought on the motion was untimely. Because the motion for reconsideration properly could have been denied as untimely, the factual error in the court's order denying Debtor's motion for reconsideration was harmless. Accordingly, there is no basis to vacate the order denying Debtor's motion for reconsideration.

**\*\*END OF MEMORANDUM\*\***

**MEMORANDUM TO CORRECT FACTUAL ERROR**
**IN THE COURT'S ORDER DENYING DEBTOR'S**
**MOTION FOR RECONSIDERATION**

| | |
|---|---|
| 1 | **<u>Court Service List</u>** |
| 2 | |
| 3 | William D. Phillips |
| | 1702 Church Street |
| 4 | San Francisco, CA 94131 |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |